## CITY OF BLOOMINGTON
## v.
## HUGH MURNIN.

*Nuisance—Sewer—Municipal Corporation.*

In an action brought for the recovery of damages from a municipality, for injury suffered by reason of the stench arising from one of its sewers, this court declines, in view of the evidence, to interfere with the verdict for the plaintiff.

[Opinion filed May 24, 1890.]

APPEAL from the Circuit Court of McLean County; the Hon. A. SAMPLE, Judge, presiding.

Mr. A. E. DE MANGE, for appellant.

Messrs. F. R. HENDERSON and T. C. KERRICK, for appellee.

PLEASANTS, P. J.    The declaration in this case avers in substance that the city so wrongfully built and used a certain sewer, as by the stench arising from noxious and offensive matter thereby carried, accumulated and left near the premises and residence of plaintiff, appellee, greatly to depreciate their value and injure him in respect to their use; and the trial, upon the issue of not guilty, resulted in a verdict and judgment in his favor for $400 damages.   We see little in the record but questions of fact, as to which the most that can be fairly claimed on behalf of appellant is that the evidence was conflicting.

Appellee owned a corner lot in the northwestern suburbs, on which he had his family residence, fronting east on Morris avenue, and a tenant house fronting north on Aqueduct street. The structure complained of is an extension, built by the city some time in 1888, of a main sewer, through the grounds occupied for its shops by the Chicago & Alton R. R. Co., and about four hundred and fifty feet further west, to a point

on Aqueduct street about sixty feet from appellee's residence, where it discharges into an open ditch or creek. East of the railroad grounds the sewer is four feet in diameter, inside, through those grounds six, and thence on to the outlet five. Fourteen or fifteen hundred men are employed in the railroad shops, and their water closets are all connected with the sewer. The large quantities of cotton waste, used in cleaning the machinery, also go into it. It appears that before this extension was built, two of the shop privies were built over this ditch or creek, but the others had vaults in the earth and were not drained by it. Some witnesses testified that the stench near appellee's residence was about as bad before as since the sewer was extended, so far as they have observed, but we think the clear weight of the testimony is to the contrary. The appellee and others, having better opportunities to know, say they suffered little or no annoyance before, while since then it has been very great.

The city engineer testified that the sewer was properly constructed, but did not deny what many others stated, that the bottom of it at the outlet is a foot or more lower than the bottom of the ditch. Inevitably the effect of this depression would be, when but little water was flowing there, to arrest the passage of solid matter at and about the outlet. And such was shown to be the fact. It was from the accumulations there in a dry time that the stench complained of arose. To appellee it was shown to be a very serious annoyance, and to his property a considerable injury, making the tenant house hard to rent and his residence unsalable, according to the testimony of many witnesses.

By answers to special interrogatories, the jury found that the sewer was improperly constructed and improperly used by the city, and that the city thereby "caused a direct physical obstruction or injury to the right of user or enjoyment of the property of plaintiff described in the declaration, by which said plaintiff has suffered special, pecuniary damage in excess of that sustained by the public generally." The facts thus found make a good cause of action. Rigney v. City of Chicago, 102 Ill. 64; City of Champaign v. Forrester, 29 Ill. App. 117.

There was evidence in support of all these findings. The opinion of the city engineer that the sewer was properly constructed, was certainly not conclusive against the proof of its actual condition and the actual effect of such construction, and it was for the jury to find the fact, from all the evidence bearing upon it. There can be no doubt that the city knew and acquiesced in the use made of the sewer by the C. & A. R. R. Co. and the employes at its shops. Noxious and offensive gases are matter, though not solid, and might be a physical obstruction or injury to appellee's right, as the jury found. The errors charged to the court, if errors they be, were too mild to do harm or require notice.

